# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

BRUCE G. CORNELIUS, JR.

Plaintiff,

v.

Case No. 25-CV-1818-JPS

PAUL BOWMAN, LARISSA
O'KIMASH, EMILY ORTNER, CORY
LADWIG, MARV NANHAM, TROY
BEYER, and JOHN DOE,

**ORDER**

Defendants.

Plaintiff Bruce G. Cornelius, Jr., an inmate confined at Shawano County Jail, filed a pro se complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. ECF No. 1. This Order resolves Plaintiff's motion for leave to proceed without prepaying the filing fee and screens his complaint.

## 1. MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE

The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. *Id.* § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On December 11, 2025, the Court ordered Plaintiff to pay an initial partial filing fee of $56.80. Plaintiff paid that fee on December 30, 2025. The

Court will grant Plaintiff's motion for leave to proceed without prepaying the filing fee. ECF No. 2. He must pay the remainder of the filing fee over time in the manner explained at the end of this Order.

## 2. SCREENING THE COMPLAINT

### 2.1 Federal Screening Standard

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right

was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 2.2    Plaintiff's Allegations

Plaintiff pursues claims against employees at Shawano County Jail following an attack from another inmate. ECF No. 1. Plaintiff was a medium-security inmate who was housed in a G-pod maximum security unit by Classification Officer Larissa O'Kimash. *Id.* at 2. On March 7, 2024, Plaintiff was released from his cell to attend video court. *Id.* at 3. While Plaintiff was out of his cell, another inmate manipulated his cell door, exited his cell, and violently assaulted Plaintiff. *Id.* Despite Defendant Paul Bauman ("Bauman") having access to the control screen that displays the status of cell doors, this inmate's cell door was not properly secured. Bauman failed to prevent the unauthorized release of the prisoner who attacked Plaintiff. *Id.* As a result, Plaintiff suffered serious physical injuries that required hospitalization. *Id.*

### 2.3    Analysis

The Court finds that Plaintiff may not proceed on an Eighth Amendment deliberate indifference claim against Defendants. The Eighth Amendment requires prison officials to take "reasonable measures to guarantee the safety of the inmates." *Balsewicz v. Pawlyk*, 963 F.3d 650, 654 (7th Cir. 2020) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "This means that a constitutional violation inheres in a prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate." *Id.* (citing

*Farmer*, 511 U.S. at 828). Deliberate indifference has an objective component and a subjective component. *Id.* To satisfy the objective component, the prisoner must have been exposed to a harm that was objectively serious. *Id.* (citing *Farmer*, 511 U.S. at 834). Under the subjective component, the prison official must have known of and disregarded an excessive risk to the inmate's health or safety. *Id.* (citing *Farmer*, 511 U.S. at 837–38). That is, the official must have been "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," and he must have "draw[n] th[at] inference." *Id.* (quoting *Farmer*, 511 U.S. at 837). But liability does not attach if the prison official takes reasonable measures to abate the known risk. *Id.* (citing *Farmer*, 511 U.S. at 844).

Here, the Court finds that Plaintiff's allegations do not state an Eighth Amendment deliberate indifference claim against any defendant. Plaintiff alleges that Defendants failed to prevent another inmate from violently assaulting him. As currently pled, however, Plaintiff's allegations at most show negligence. No facts indicate that Defendants were aware of the inmate's plan to attack Plaintiff or of the inmate's ability to leave the cell prior to Plaintiff's injury. Plaintiff may state a state-law negligence claim; however, in the absence of a federal claim, the Court cannot exercise supplemental jurisdiction over a state-law negligence claim. The Court will provide Plaintiff the opportunity to amend the complaint and provide more information.

Plaintiff also alleges that his housing placement in the maximum-security unit violated his constitutional rights. However, it is well-settled in this Circuit that a convicted inmate has "no liberty interest in his security classification." *Earls v. Buske*, No. 22-1193, 2022 WL 3928515, at *1 (7th Cir. Aug. 31, 2022) (citing *DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992)

("prisoners possess neither liberty nor property [interests] in their classifications and prison assignments")). As such, Plaintiff fails to state a claim with regard to his housing placement.

The Court will allow Plaintiff the opportunity to file an amended complaint on or before **February 24, 2026** to cure the deficiencies identified in this Order. When writing his amended complaint, Plaintiff should provide the Court with enough facts to answer the following questions: (1) Who violated his constitutional rights?; (2) What did each person do to violate his rights?; (3) Where did each person violate his rights?; and (4) When did each person violate his rights? Plaintiff's amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the Court and each Defendant with notice of what each Defendant allegedly did or did not do to violate his rights.

The Court is enclosing a copy of its amended complaint form and instructions. Plaintiff must list all of the defendants in the caption of his amended complaint. He should use the spaces on pages two and three to allege the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If the space is not enough, Plaintiff may use up to five additional sheets of paper.

Plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in

the amended pleading." *Id.* at 1057 (citation omitted). If the amended complaint is received, it will become the operative complaint in this action, and the Court will screen it in accordance with 28 U.S.C. § 1915A.

3.    **CONCLUSION**

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee, ECF No. 2, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the complaint fails to state a federal claim;

**IT IS FURTHER ORDERED** that Plaintiff may file an amended complaint that complies with the instructions in this Order on or before **February 24, 2026**. If Plaintiff files an amended complaint by the deadline, the Court will screen the amended complaint under 28 U.S.C. § 1915A. If Plaintiff does not file an amended complaint by the deadline, the Court will dismiss this case based on a lack of jurisdiction;

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a blank prisoner amended complaint form and a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this Order;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $293.20 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to

another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution; and

IT IS FURTHER ORDERED that a copy of this Order be sent to the officer in charge of the agency where Plaintiff is confined.

Dated at Milwaukee, Wisconsin, this 3rd day of February, 2026.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. If mail is received directly to the Court's chambers, IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.