# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

BRUCE G. CORNELIUS, JR.,

Plaintiff,

v.

PAUL BOWMAN, LARISSA O'KIMASH, EMILY ORTNER, CORY LADWIG, MARV NINHAM, TROY BEYER, and JOHN DOE,

Defendants.

Case No. 25-CV-1818-JPS

**ORDER**

Plaintiff Bruce G. Cornelius, Jr., an inmate confined at Dodge Correctional Institution, filed a pro se complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights. ECF No. 1. On February 3, 2026, the Court screened the complaint, found that it failed to state a federal claim, and allowed Plaintiff the opportunity to file an amended complaint. ECF No. 7. On February 20, 2026, Plaintiff filed an amended complaint. ECF No. 8. This Order screens his amended complaint.

1. **SCREENING THE AMENDED COMPLAINT**

   1.1 **Federal Screening Standard**

   Under the Prison Litigation Reform Act, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether a complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 1.2    Plaintiff's Allegations

Plaintiff pursues claims against employees at Shawano County Jail following an attack from another inmate. ECF No. 8 at 1–2. Plaintiff was a medium-security inmate who was housed in a G-pod maximum security unit by Classification Officer Larissa O'Kimash. *Id.* at 4. Plaintiff was a pre-trial detainee at this time. *Id.* On March 7, 2024, Plaintiff was released from his cell to attend video court. *Id.* at 3. While Plaintiff was out of his cell,

another inmate manipulated his cell door, exited his cell, and violently assaulted Plaintiff. *Id.* Despite Defendant Paul Bowman ("Bowman") having access to the control screen that displays the status of cell doors, this inmate's cell door was not properly secured. Plaintiff alleges that Bowman knew another inmate's cell door was not secured at the time. *Id.* Bowman failed to prevent the unauthorized release of the prisoner who attacked Plaintiff. *Id.* As a result, Plaintiff suffered serious physical injuries that required hospitalization. *Id.*

### 1.3 Analysis

Because Plaintiff was a pretrial detainee at the time of the allegations, his failure to protect claim arises under the Due Process Clause of the Fourteenth Amendment. *See Kemp v. Fulton County*, 27 F.4th 491, 495–97 (7th Cir. 2022). Unlike an Eighth Amendment claim, a pretrial detainee claim is governed by an objective standard. Under that standard, as recently clarified by the Seventh Circuit in *Pittman v. Madison County*, 108 F.4th 561, 566 (7th Cir. 2024), once a pretrial detainee proves that the defendant officer's failure to act was purposeful and intentional, the sole question is an objective one: did the defendant "take reasonable available measures to abate the risk of serious harm?" *Id.* at 572. As the court emphasized, "[t]he objective reasonableness of a decision to deny medical care . . . does not consider the defendant's subjective views about risk of harm and necessity of treatment. Instead, the proper inquiry turns on whether a reasonable officer in the defendant's shoes would have recognized that the plaintiff was seriously ill or injured and thus needed medical care." *Id.* at 570.

Here, the Court again finds that Plaintiff's allegations do not state a deliberate indifference claim against any defendant. Plaintiff alleges that Defendants failed to prevent another inmate from violently assaulting him. As currently pled, however, Plaintiff's allegations at most show negligence.

No facts indicate that Defendants were aware of the inmate's plan to attack Plaintiff or of any facts showing suggesting it was likely. Plaintiff may state a state-law negligence claim; however, in the absence of a federal claim, the Court cannot exercise supplemental jurisdiction over a state-law negligence claim.

Plaintiff also alleges that his housing placement in the maximum-security unit violated his constitutional rights. However, it is well-settled in this Circuit that a convicted inmate has "no liberty interest in his security classification." *Earls v. Buske*, No. 22-1193, 2022 WL 3928515, at *1 (7th Cir. Aug. 31, 2022) (citing *DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992) ("prisoners possess neither liberty nor property [interests] in their classifications and prison assignments")). As such, Plaintiff fails to state a claim with regard to his housing placement.

## 2.	CONCLUSION

In sum, the Court finds that the amended complaint fails to state a federal claim upon which relief may be granted. Plaintiff was already provided the opportunity to amend his complaint based on the Court's guidance in the prior screening order, and the Court therefore finds that further amendment would be futile. *See Runnion ex rel. Runnion v Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519–20 (7th Cir. 2015). As such, the Court will dismiss this case without prejudice for a lack of subject-matter jurisdiction, and Plaintiff may choose to pursue a negligence claim in state court.

Accordingly,

**IT IS ORDERED** that this case be and the same is hereby **DISMISSED without prejudice** for a lack of subject-matter jurisdiction.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 14th day of April, 2026.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed a "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under limited circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.